**No. 45700.**—Protests 24863–K, etc., of Max M. Cooper, Inc., et al. (New York).

Opinion by WALKER, J. It was stipulated that the dogskins in question are undressed and similar to those the subject of *Bracher* v. *United States* (5 Cust. Ct. 153, C. D. 389). The claim for free entry under paragraph 1681 was therefore sustained.

**No. 45701.**—Protest 6856–K of Gertrude Becker (New York).

Opinion by WALKER, J. It was stipulated that the lift vans in question are similar to those the subject of Abstract 43642. The claim for free entry was therefore sustained.

**No. 45702.**—Protest 997552–G of Oskar Samek & Margit Schey (New York).

Opinion by WALKER, J. It was stipulated that the lift vans in question are similar to those the subject of Abstract 43642. The claim for free entry was therefore sustained.

**No. 45703.**—Protest 998506–G of Paul Bruenner (New York).

Opinion by WALKER, J. It was stipulated that the lift vans in question are similar to those the subject of Abstract 43642. The claim for free entry was therefore sustained.

BEFORE THE SECOND DIVISION, APRIL 9, 1941

**No. 45704.**—Protest 958318–G of Bullocks, Inc. (Los Angeles).

Opinion by TILSON, J. Woven silk mufflers similar to those the subject of Abstract 44055 were held dutiable at 60 percent under paragraph 1209 as claimed.

**No. 45705.**—Protest 43377–K of Walter G. Berger & Co. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel the cotton handkerchiefs in question were held dutiable as claimed under paragraph 1529 (b) and the trade agreement with Switzerland.